# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5508 | **DATE** | 10/9/2001 |
| **CASE TITLE** | Gale Drake vs. Fieldstone Mortgage Co. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff moves to remand. That motion is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 1 0 2001 | |
| | Notified counsel by telephone. | | date docketed | 23 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| WAH | courtroom deputy's initials | 01 OCT 10 AM 8: 57 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GALE DRAKE,                              )
                                         )
            Plaintiff,                   )
                                         )
      vs.                                )   No. 01C 5508
                                         )
FIELDSTONE MORTGAGE COMPANY              )
and GENESIS MORTGAGE CORPORATION,        )
                                         )
            Defendants.                  )

**DOCKETED**

**OCT 1 0 2001**

## MEMORANDUM OPINION AND ORDER

Plaintiff moves to remand. That motion is granted.

The complaint in state court alleged three state claims, violation of the Illinois Consumer Fraud Act (CFA), breach of fiduciary duty and inducing breach of fiduciary duty. Plaintiff claims that he was badly used in connection with a mortgage loan he obtained. Fieldstone Mortgage Company (Fieldstone), with the consent of Genesis Mortgage Corporation, removed the case here, contending that plaintiff's CFA claim is governed by federal statutes that dictate disclosure requirements. Not so, responds plaintiff. He represents that the property was purchased for investment purposes and not for personal use as a residence, and the federal statutes therefore do not apply. Fieldstone apparently concedes that those statutes do not apply to investment property mortgages, but it insists that it was entitled to rely upon the complaint as filed (which it was), and the complaint, by referring to plaintiff as a "lay borrower" who could not fully understand the transaction without more adequate disclosure, inferred that the property was being purchased for residential use, and the reliance upon CFA indicates he was buying the property for his own use.

Fieldstone's contention has all the hallmarks of a federal defense, which does not

provide a basis for removal. But even if we assumed that the interpretation of the federal statutes would have provided a basis, the removal would still be improper. Plaintiff did not allege he was purchasing the property for residential use. Indeed, a rider which we are led to believe was one of the exhibits attached to the complaint specifically deletes any requirements of occupancy, requires the borrower to maintain insurance against rent loss, and assigns all rents to the lender. Further, purchase for investment does not foreclose reliance upon CFA. Purchase for investment is a use by plaintiff, it is not for resale. There just was not a sufficient basis for removal.

We note, as well, that this case would have ended up in state court in any event. At most, it would have remained there only briefly, until the purported federal claims were dismissed. The case would then, beyond dispute, be solely state claims, which would be remanded or dismissed without prejudice to their being pursued in state court.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 9, 2001.